Mr. Justice Morris
delivered the opinion of the Court:
The petitioner, John F. Dries, was arraigned in the Police Court of the District of Columbia for a criminal offense consisting of threats of personal violence against his wife. When the case was called for trial, the wife swore that she believed that the prisoner was insane; and there being other testi *166 mony to the same effect, he was held to await an order from the Secretary of the Interior, under section 4851 of the Revised Statutes of the United States, for his committal to the Government Hospital for the Insane. The section in question is as follows:
“ Sec. 4851. If any person charged with crime be found, in the court before which he is so charged, to be an insane person, such court shall certify the same to the Secretary of the Interior, who may order such person to be confined in the Hospital for the Insane; and if he be not indigent, he and his estate shall be charged with expenses of his support in the hospital.”
The order of the Secretary of the Interior was had, and the commitment made on January 11, 1894. On March 6, 1894, the prisoner sued out a writ 'of habeas corpus, which was made returnable before Mr. Justice Hagner, of the Supreme Court of the District of Columbia, on March 10, 1894, when the superintendent of the hospital made due return, and the body of the prisoner was produced in court. Witnesses were then examined and evidence adduced, including the record of the proceedings in the Police Court, by which it was sought to be shown that there never had been any writ de lunático inquirendo issued or trial by jury had of the prisoner in the Police Court. But Mr. Justice Hagner, upon consideration of all the testimony, and of the record of the Police Court, remanded the prisoner to the custody of the superintendent of the hospital. His order in terms was that the prisoner should be remanded to await the institution of proper proceedings under a writ de lunático inquir-endo, which the District attorney ór others would sue out forthwith, it being evident to the justice that the prisoner should not then be at large.
Thereupon, on April 2, 1894, a petition was filed on behalf of Dries in this court for the allowance of a writ of habeas corpus and of a writ of certiorari to the clerk of the Police Court to send to this court a certified copy of the record of the proceedings against Dries, in that court; also for the *167 allowance of a writ of certiorari to the clerk of the Supreme Court of the District of Columbia requiring him to send to this court a certified copy of the record upon the petition for habeas corpus in that court; and praying for the discharge of the petitioner from custody. The claim of the petitioner is that both the Police Court and Mr. Justice Hagner were without jurisdiction in the premises either to commit or remand the prisoner without the intervention of a jury of inquisition.
The right of this court to issue the writs here prayed for is presumed to be based on the nth section of the act of Congress of February 9, 1893, creating this court, whereby it is provided that “the said Court of Appeals shall have power to issue all necessary and proper remedial writs in aid of its appellate jurisdiction.” And it is argued that writs of ha-beas corpus and certiorari are remedial prerogative writs; and that there is appellate jurisdiction in this court to review the action of the justice of the Supreme Court of the District of Columbia in remanding the prisoner.
Certainly, it is beyond reasonable doubt that the prayer of the petition in one respect at least should be denied. We have no appellate jurisdiction over the Police Court, and no right to issue any writ to it for any purpose. A writ of cer-iorari, therefore, to the clerk of that court to bring up any record, or any copy of any record, cannot be allowed.
Neither is it apparent why a writ of certiorari should be issued by this court to the Supreme Court of the District of Columbia or to the clerk of that court to require the transmission of any record to this court. If we have any jurisdiction in the premises, it must be solely and exclusively appellate jurisdiction; and no reason is shown why the cause may not be removed to this court in the ordinary mode. It has long since been decided that the writ of habeas corpus cannot be made to serve in the place of a writ of error or appeal; and if the petitioner or his counsel are advised that we have jurisdiction of his cause, it is open to him to take his appeal in the usual way, unless he has lost his right by his *168 own delay, for which, of course, he can have only himself to blame. A right of appeal lost by delay cannot be revived through the instrumentality of a remedial prerogative writ If it could, we might as well abolish all rules of limitation and regulation in this regard.
The argument, however, is that neither the Police Court nor Mr. Justice Hagner had jurisdiction in the premises to do what they did; and that the writs of habeas corpus and certiorari constitute the proper mode for bringing up that question for adjudication. So far as concerns the Police Court, what we have already stated will suffice to show that the jurisdiction of that court is not in this case a proper subject for our consideration. Our inquiry, if proper at all, must be confined to the question of the jurisdiction of the Supreme Court of the District of Columbia, or of its justices.
Now, it is scarcely consistent to apply to the Supreme Court of the District of Columbia, or to one of its justices, for relief; and when upon hearing the relief is refused, to deny the jurisdiction of the court to refuse the relief. That would be, that, when a court decides in favor of a plaintiff, it has jurisdiction; but that, when it decides against him, it has no jurisdiction. This argument involves a strange confusion of want of jurisdiction on the one side and erroneous decision on the other. The justice in this case was applied to to issue the writ of habeas corpus. This he had the undoubted right to issue. He had the undoubted right under it to make inquiry into the lawfulness of the detention of the petitioner; and if upon inquiry he found that the prisoner was not unlawfully detained, it was his duty to remand him to custody. If there was error in that decision, the error could be corrected on appeal, if the law allows an appeal. It could not be corrected upon another writ of habeas corpus and allegation of want of jurisdiction.
It is said, however, that the justice held that the prisoner was unlawfully restrained of his freedom, and that he remanded him only until lawful proceedings could be had. There is no written opinion in the cause, and if there were, *169 it would be no part of the record. What the justice may have said at the hearing is no part of the adjudication. For that we have to look to the record, to the pleadings and the decree or order, and the order is simply one remanding the prisoner. It is true there is a statement in the order to the effect that the commitment was to await the institution of proper proceedings de lunático inquirendo, and the inference is drawn that no proper proceedings had been had. But even if we allow to that inference the full significance which is claimed for it, that only goes to the correctness of the order of committal, which is a proper subject for review on appeal, and not to the question of the jurisdiction of the court to make the order.
It may be doubted whether the order of commitment complained of is anything more than an interlocutory order, intended for the safety of the prisoner and of the community, until a final adjudication can be had. But a decision of this point is not now necessary.
It is clear to us that the petitioner has two remedies, either one of which may serve his purpose: 1st. The right of appeal, unless he has lost that appeal by his own delay; 2d. The summoning of a jury of inquisition, a proceeding which, under the order of the court, he is entitled to have speedily and to demand, if unreasonable delay is made on the part of the officials whose duty it is to procure to have such a jury impaneled.
We see no reason for the issue of any extraordinary or prerogative writ by this court under the present circumstances of'the case; and the application for the writ of habeas corpus and for writs of certiorari is accordingly denied.